UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN H. LONGINO,                               Case No. 1:12-cv-424
    Plaintiff,
                                                Litkovitz, M.J.
vs.

CITY OF CINCINNATI,                             ORDER
    Defendant.

Plaintiff Kevin Longino brings this action pro se against defendant City of Cincinnati (City) alleging that the City discriminated and retaliated against him on the basis of his race and disability in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Title VII) and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA). This matter is before the Court on: (1) plaintiff's motion for additional mediation (Doc. 28) and the City's response in opposition (Doc. 29); and (2) plaintiff's motions to compel and for sanctions (Docs. 30, 31), the City's response in opposition (Doc. 32), and plaintiff's reply memorandum. (Doc. 33).

**I. Plaintiff's Motion for Additional Mediation (Doc. 28)**

A settlement conference was held in this matter on November 13, 2012, before Magistrate Judge Bowman. *See* Doc. 22. The parties did not settle the matter at that time and were instructed to contact Judge Bowman for additional mediation after a ruling was entered on the City's motion to dismiss if the parties believed it would be advantageous.[1] The City's motion to dismiss is currently pending.

Plaintiff filed the motion for additional mediation one month after the settlement conference. The motion contains a summary of the allegations forming the basis of his Title VII

---

[1] The City filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking to dismiss all of plaintiff's claims shortly before the settlement conference was held. *See* Doc. 18. Judge Bowman's instruction was entered on November 13, 2012 as a minute entry; there is no docket number associated with this event.

and ADA claims against the City and plaintiff's assertion that this case is well-suited for settlement. The motion also includes plaintiff's request that the City determine the "cost of the demand for immediate retirement made by [him] as part of the settlement conference requirements." (Doc. 28 at 2).

The City opposes plaintiff's request asserting that additional mediation would not be "beneficial at this time, based on the apparent disparity between the parties' respective assessment of their cases." (Doc. 29 at 1). The City also notes that its motion to dismiss is still pending. The City further contends that plaintiff's request for retirement calculations is improperly included in his motion. Accordingly, the City requests that plaintiff's motion be denied.

Given the City's representation that mediation discussions would not be advantageous at this juncture, the pending motion to dismiss, and Judge Bowman's instruction that further mediation may be provided *following* a ruling on the motion to dismiss, plaintiff's motion is denied. Settlement discussions are only fruitful when both parties are willing to engage in meaningful discussions and compromise and it does not appear that this matter is in the proper posture for productive mediation. Plaintiff's motion for additional mediation is therefore denied.

Further, plaintiff's request for calculations from the City regarding a retirement package is denied. The request appears to be a discovery request, in which case plaintiff should utilize the discovery procedures provided for by the Federal Rules of Civil Procedure. Insofar as it is a request for information from the City in its role as plaintiff's employer, plaintiff's request is more properly addressed via internal employment channels. In any event, the request is not properly before the Court and, accordingly, it is denied.

## II. Plaintiff's Motions to Compel and for Sanctions (Docs. 30, 31)

Plaintiff filed a motion to compel the City to provide supplemental discovery responses and produce certain witnesses for deposition. (Doc. 30). Plaintiff also filed a motion for sanctions based on his belief that defense counsel has violated the Federal Rules of Civil Procedure. As the motions relate to similar issues, they will be addressed together.

In his motion to compel, plaintiff asserts the City has failed to comply with discovery in the following ways: (1) the City's responses to his interrogatories, requests to produce, and requests for admissions are insufficient and must be supplemented; (2) the City did not verify its discovery responses; (3) the City's interrogatories were improperly completed by defense counsel William Hicks; **(4)** attorney Hicks improperly questioned a witness during plaintiff's deposition; (5) the City wrongfully declined to produce attorney Hicks for deposition; and (6) the City wrongfully declined to produce witness Darcy Riegel for deposition. Plaintiff requests that the Court compel the City to provide supplemental responses to his discovery requests and produce attorney Hicks and Mr. Riegel for deposition. In his motion for sanctions, plaintiff asserts the City's purported discovery noncompliance entitles him to an entry of judgment in his favor; monetary compensation for the time attorney Hicks used questioning a witness during a deposition noticed by plaintiff; exclusion of witness Mr. Riegel from trial; and an order compelling attorney Hicks to sit for deposition.

The City responds that plaintiff has failed to comply with the federal and local rules prior to filing these motions. Further, the City contends that it has acted in accordance with all governing rules in providing its discovery responses and that plaintiff's motions to compel and for sanctions should be denied. For the following reasons, plaintiff's motions to compel and for sanctions are denied.

3

1. <u>Plaintiff failed to comply with the federal and local rules governing motions to compel and for sanctions.</u>

Motions to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Further, S.D. Ohio Rules 37.1 and 37.2 govern the process of seeking discovery in civil matters in this District. These rules provide that motions to compel, such as the instant motion, "shall not be filed in this Court . . . unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences." S.D. Ohio Civ. R. 37.1. In addition, motions to compel "*shall* be accompanied . . . by a certification of counsel setting forth the extrajudicial means which have been attempted to resolve differences." S.D. Ohio Civ. R. 37.2 (emphasis added).

Plaintiff's motion to compel does not include the requisite certification setting forth the extrajudicial means plaintiff utilized to attempt to resolve the instant discovery dispute. *See* Doc. 30. Further, plaintiff has presented no information from which this Court can conclude that plaintiff made a good faith attempt to obtain the discovery prior to seeking Court intervention as required by Fed. R. Civ. P. 37(a)(1). The only evidence submitted by plaintiff regarding his attempt to resolve this dispute is a December 18, 2012 letter to attorney Hicks which provides: "I need responses to my Interrogatories, with a signed and notarized verification that they were answered under oath, by an agent of the City, no later than Friday, December 21, 2012 or I will have to file a motion to compel with the Court." (Doc. 20 at 28). Plaintiff's demand that he be provided supplemental discovery responses three days after submitting his request does not demonstrate a good faith attempt to confer with defense counsel prior to filing his motion to compel as envisioned by the federal and local rules. *See Hilton-Rorar v. State and Fed. Commc'ns, Inc.*,

4

No. 5:09-cv-1004, 2010 WL 1482127 (N.D. Ohio Jan. 7, 2010) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 182 (3d Cir. 2003) ("These rules are designed to encourage professionalism and collegiality among litigators and avoid unnecessary court intervention, protracted legal proceedings and needless expense and fees."). Plaintiff's status as a pro se litigant does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure nor the Local Rules for this District. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (noting that pro se litigants may receive some leniency with regard to procedural rules, particularly where a procedural error could be fatal or where the litigant is incarcerated, but emphasizing that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). For these reasons, plaintiff's motion to compel is denied.

Despite these apparent procedural shortcomings, in light of plaintiff's pro se status the undersigned will address the merits of the arguments raised in plaintiff's motions for the sake of judicial economy.

    2. The City's objections to plaintiff's discovery are proper.

Plaintiff's motion does not specify which discovery request he believes need to be supplemented. Rather, plaintiff vaguely asserts that the City's responses consist mostly of objections, such as vagueness, which he asserts are improper given the detailed allegations in plaintiff's complaint. (Doc. 30 at 1-2). To the extent that plaintiff identifies that the City's responses to Interrogatories 6, 7, and 8 are inadequate, plaintiff's argument is not well-taken.

These requests and the City's responses are as follows:

> 6. State who verified the original test results, give their title and whether they are still employed by the City.

5

**ANSWER**: Objection. Calls for irrelevant and time barred information. Without waiving the objections, Defendant will supplement once it is determined which examination Plaintiff is referring to and whether it was verified.

7. State who verified the test results after it was re-graded, including the person(s) name, title and whether that person is still employed by the City.

**ANSWER**: Objection. Calls for irrelevant and time barred information. Without waiving the objections, Defendant will supplement once it is determined which examination Plaintiff is referring to and whether it was verified.

8. Describe, if any, the involvement of Diana Fray (Sic) in the grading or re-grading of the exam that [plaintiff] took for promotion.

**ANSWER**: Objection. Calls for irrelevant and time barred information. Without waiving the objections, Defendant is currently unaware of any involvement by Ms. Frey.

(Doc. 30 at 17-18). Plaintiff states that defendant objected to these requests as "vague." Plaintiff is incorrect. Not only did the City not object to these requests on the ground of vagueness, but the City also provided in response to Interrogatories #6 and #7 that it would supplement its responses upon clarification from plaintiff on the specific examination referenced. The City's request for clarification is a proper response given the form of plaintiff's requests. Plaintiff did not specify the date the examination was taken, the location or title of the examination, or any other information from which the City would be able to identify which test was being referenced. Given the lack of specificity of the requests and the City's apparent willingness to provide the information upon receipt of relevant details, plaintiff's argument that the City's responses are defective is not well-taken. Moreover, the City clearly answered plaintiff's Interrogatory #8 by stating that Ms. Frey was not involved in any grading or re-grading of any test taken by plaintiff; thus, the undersigned finds no defect in the City's response. As plaintiff specifies no other defective responses, the Court will briefly address plaintiff's more general claims.

Plaintiff argues the City improperly objected to his Interrogatories #2 and #3, requesting the

names of the City's expert and lay witnesses. *See* Doc. 30 at 16. The Calendar Order in this matter states that the City was to identify and produce primary expert reports by October 26, 2012 and identify lay witnesses by February 1, 2013. (Doc. 13). The City provided its responses to plaintiff's discovery requests on September 4, 2012, well before the City's deadlines for identifying witnesses. *See* Doc. 30 at 25. Therefore, the City was correct in stating that it was not required to provide the requested witness information at the time it submitted its responses and plaintiff's contention to the contrary is not well-taken. Further, the Court notes that plaintiff was apparently provided with the names of the City's lay witnesses; thus, plaintiff's motion in this regard is also moot. *See* Doc. 32 at 4.

Plaintiff also asserts the City was untruthful in its responses to plaintiff's requests to admit. (Doc. 30 at 1). To the extent that plaintiff seeks to prove that the City's responses to his requests for admission are false by identifying contrary statements made during the settlement conference held before Judge Bowman, *see* Doc. 30 at 1, 3, plaintiff is reminded that "all statements made by the parties . . . during the settlement conference . . . *shall* be kept confidential by the Court, the parties, and counsel and *shall not be admissible* in evidence for any reason during the trial of this case." (Doc. 17 at 1-2) (emphasis added). Consequently, plaintiff's argument in this regard is not well-taken and plaintiff is cautioned that any future breach of his requirement to keep confidential the statements made during the course of the settlement conference may result in court-ordered sanctions.

3. The City's failure to include a verification page has been remedied.

Plaintiff requests that the Court compel the City to provide a signed verification page along with its interrogatory responses, noting the City's failure to do so initially. (Doc. 30 at 1). Federal Rule of Civil Procedure 33(b)(3) and (5) provide that responses to interrogatories must be

7

answered under oath and signed. Fed. R. Civ. P. 33(b)(3), (5). The City acknowledges its initial oversight in producing a signed verification page, but represents that this error has been corrected as a signed verification page was sent to plaintiff on February 5, 2013, a copy of which was attached to its responsive brief. *See* Doc. 32 at 3. As this procedural oversight has apparently been remedied, plaintiff's request is denied as moot.

    4. <u>It is not improper for the City's defense counsel to complete the interrogatory responses</u>.

Plaintiff asserts that it was improper for attorney Hicks to complete the interrogatory responses on behalf of the City as he lacks the necessary first-hand knowledge to accurately resond. (Doc. 30 at 1). Federal Rule of Civil Procedure 33(b)(1)(B) provides that interrogatories to a governmental agency may be answered by an officer or agent of the agency. Fed. R. Civ. P. 33(b)(1)(B). Attorney Hicks, as a Senior Assistant City Solicitor, is an agent of the City who is permitted to respond to plaintiff's interrogatories on behalf of the City. *See Gluck v. Ansett Australia Ltd.*, 204 F.R.D. 217, 221 (D.D.C. 2001) (affirming magistrate judge's finding that Fed. R. Civ. P. 33 permits defense counsel who is agent of corporation to answer interrogatories on behalf of corporation). *See also E.E.O.C. v. Chrysler LLC*, No. 07-CV-129986, 2008 WL 2622948, at *1 (E.D. Mich. July 2, 2008) ("Interrogatories directed to a corporation or governmental agency must be answered and signed by an officer or agent" and "[t]he agent or officer designated to answer may be an attorney for the business or agency.") (citing *Rea v. Wichita Mortgage Corp.*, 757 F.2d 567, 574 (W.D. Okla. 1984)); *Desper v. Montgomery Cty.*, No. 88-4212, 1989 WL 57323, at *3 (E.D. Pa. May 31, 1989) ("Counsel's signature on behalf of a government agency is acceptable as the signature of its 'agent' within the terms of Rule 33.") (citing *Tinsley v. Office of Personnel Mgmt.*, 34 M.S.P.R. 70 (Merit Sys. Protection Bd. June 11, 1987); J. Moore, Moore's Federal Practice § 33.07 (2d ed. 1982)). Thus, plaintiff's argument that it was improper

for attorney Hicks to respond to plaintiff's interrogatories to the City is not well-taken.

5. Attorney Hicks' questioning of a witness during a deposition was not improper.

Plaintiff argues that attorney Hicks acted improperly by questioning a witness during a deposition noticed by plaintiff. (Doc. 30 at 2). Plaintiff seeks compensation for the time used by attorney Hicks questioning the witness. *Id.* Plaintiff's request is denied.

Federal Rule of Civil Procedure 30 governs the procedures for taking depositions. Rule 30 provides that a witness at a deposition is subject to both direct and cross-examination as such questioning would proceed at trial. Fed. R. Civ. P. 30(c)(1). This means that counsel for both parties of a civil action are permitted to question witnesses during depositions, regardless of which party noticed the deposition. *See, generally, F.C.C. v. Mizuho Medy Co. Ltd.*, 257 F.R.D. 679, 682 (S.D. Cal. 2009); *Smith v. Logansport Comm. School Corp.*, 139 F.R.D. 637, 642 (N.D. Ind. 1991). Consequently, the undersigned finds no impropriety on behalf of defense counsel and plaintiff's request for remuneration is denied.

6. Plaintiff's request to depose attorney Hicks is denied.

Plaintiff seeks to depose defense counsel given that attorney Hicks answered the interrogatories directed to the City. (Doc. 30 at 3). For the following reasons, plaintiff's request is denied.

"Discovery from an opposing counsel is 'limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information ...; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.'" *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 328 (6th Cir. 2002) (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). *See also N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85-86 (M.D.N.C. 1987) ("the movant must

demonstrate that the deposition is the only practical means available of obtaining the information. If there are other persons available who have the information, they should be deposed first. Also, other methods, such as written interrogatories which do not involve the same dangers as an oral deposition, should be employed.").

Plaintiff has failed to demonstrate that there are no other means to obtain the information sought by deposing attorney Hicks; that the information is relevant and not privileged; or that the information is crucial to the prosecution of his lawsuit. Indeed, defense counsel represents that any information sought by plaintiff will be produced upon proper request, including the production for deposition of witnesses with whom attorney Hicks spoke in preparing the City's discovery responses. As plaintiff has failed to demonstrate the propriety or necessity of deposing the City's defense counsel, his request is denied.

    7. <u>Plaintiff must subpoena Mr. Riegel to take his deposition</u>.

Plaintiff's final contention is that the City has improperly refused to produce Mr. Riegel for deposition. (Doc. 30 at 3). The parties do not dispute that Mr. Riegel was previously an employee for the City. However, the City represents that Mr. Riegel retired effective January 1, 2008, and, consequently, he is no longer under their control and plaintiff must issue a subpoena in order to take his deposition. (Doc. 32 at 6-7). The City relates that plaintiff was provided with Mr. Riegel's last known address, but contends that as he is no longer an employee, the City cannot be compelled to produce him for deposition. *Id.* Plaintiff, in reply, asserts that the City should be required to produce Mr. Riegel as they listed him in their witness list. (Doc. 33 at 4).

Federal Rule of Civil Procedure 45 governs the rules and mechanisms for obtaining testimony from a nonparty. The rule provides that the party seeking deposition testimony must serve a subpoena which identifies, among other things, the issuing court, the title of the action, and

the time and place of the deposition. Fed. R. Civ. P. 45. The City has represented that Mr. Riegel is no longer an employee of the City and, consequently, the City no longer has control over him such that it can compel him to appear at a deposition. Whether or not the City identified Mr. Riegel as an individual with knowledge regarding plaintiff's allegations is irrelevant to the City's ability to compel Mr. Riegel to appear for a deposition. It is plaintiff's duty as the prosecutor of his lawsuit to comply with the applicable rules for securing Mr. Riegel's deposition testimony. As it appears that plaintiff is in receipt of Mr. Riegel's last known address, plaintiff should be able to serve a subpoena on him for deposition at a time and place agreed upon by the parties. Plaintiff's motion for an order compelling the City to produce Mr. Riegel for deposition is therefore denied.

As demonstrated by the above discussion, defense counsel has not engaged in any sanctionable conduct through the discovery process and plaintiff's motion for sanctions is therefore denied.

The undersigned acknowledges that plaintiff is not an attorney and, consequently, is unaware of many of the procedural rules involved in obtaining discovery and prosecuting a lawsuit. However, the Court expects plaintiff to be aware of and adhere to the local and federal rules throughout this litigation.

**IT IS HEREBY ORDERED THAT** plaintiff's motion for additional mediation (Doc. 29) is **DENIED**. Further, plaintiff's motions to compel and for sanctions (Doc. 30, 31) are **DENIED**.

Date: 3/6/13

Karen L. Litkovitz
United States Magistrate Judge